In the Matter of David Wayne NORRIS and Carolyn Aletha Norris, Debtors.

**FINANCIAL FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**David Wayne NORRIS and Carolyn Aletha Norris, Defendants.**

**Bankruptcy No. 85–02898–SW–13. Adv. A. No. 85–0700–SW–13.**

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

June 4, 1986.

Sylvia Byrnes-Ales, Roberts, Fleischaker & Scott, Joplin, Mo., for plaintiff.

R. Deryl Edwards, Joplin, Mo., for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL TESTIMONY OF A CERTAIN

## WITNESS AND DEEMING AND DECREEING CERTAIN DECLARATIONS AGAINST

## INTEREST TO BE ADMISSIBLE AND ACCORDINGLY SETTING ADJOURNED HEARING

DENNIS J. STEWART, Chief Judge.

In this action, the plaintiff seeks a decree of nondischargeability of a certain indebtedness to it by reason of the defendant David Wayne Norris's having deposited a check in his account with the plaintiff on which payment had been stopped and then making withdrawals from the account even though he knew that payment had been stopped. It is the plaintiff's contention that this conduct amounts to false pretenses within the meaning of section 523(a)(2) of the Bankruptcy Code or larceny within the meaning of section 523(a)(4) of the Bankruptcy Code. The action came on before the court for hearing on April 18, 1986, in Joplin, Missouri, at which time the plaintiff undertook to prove the plaintiff's knowledge that payment had been stopped on the deposited check by calling as a witness the writer of the check, Bob Brim. Counsel for plaintiff then propounded questions which related to this issue—namely whether the witness wrote the check in question, whether he stopped payment on the check and whether he notified the defendant David Wayne Norris of having stopped payment on the check. With respect to all of these questions, the witness Brim refused to testify on the grounds that his answer might tend to incriminate within the meaning of the Fifth Amendment to the

Constitution of the United States. At the conclusion of the plaintiff's evidence, the defendants moved for a directed verdict on the grounds that a submissible case had not been made in that the element, *inter alia,* of intention had not been proved inasmuch as it was not shown that defendant knew the check to be one on which payment had been stopped.

 Thereafter, while the court had the motion for directed verdict under advisement, the plaintiff filed its written motion to compel the witness Brim to answer the questions thus propounded. It is the plaintiff's contention that "Mr. Brim has a right to stop payment on his own checks under section 400.4–403 R.S.Mo.1978" and that, therefore, "(u)nder these circumstances, answering the three questions propounded at trial would not tend to incriminate Mr. Brim, and the court should order him to answer them." But "(a) court cannot compel answers to questions in derogation of the privilege unless the court can say, as a matter of law, that it would be impossible for an answer to incriminate the individual." *State ex rel. Hudson v. Webber,* 600 S.W.2d 691, 692 (Mo.App. 1980). And it is not under all circumstances that a person has a right to stop payment on a check. Section 400.4–403, in stating that a customer may order his bank to stop payment on a check, governs only the rights between the customer and the bank. It does not give one the right knowingly and fraudulently to stop payment on a check, with purpose to defraud. Such an act is made criminal by the provisions of section 570.125 RSMo. In invoking the claim of a Fifth Amendment privilege to these questions, the witness Brim must be held to have given notice that proof that he stopped payment on a check is an element of the offense thus defined as criminal and that his answer might well tend to prove that element. Under these circumstances, this court cannot say the privilege has been improperly invoked. The existence of the potential for prosecution under section 570.125, *supra,* is sufficient to demonstrate that the claimant of the privilege is "confronted by substantial and 'real,' and not merely trifling or imaginary hazards of incrimination." *General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204, 1212 (8th Cir.1973). Further, "once a witness claims the privilege afforded him under that provision, *a rebuttable presumption arises that the witness' answer might tend to incriminate him,* a presumption that can be rebutted by a demonstration by the party seeking the answer that such answer 'cannot possibly' have such tendency to incriminate." *State ex rel. Shapiro Realty & Inv. Company v. Cloyd,* 615 S.W.2d 41, 46 (Mo.1981) (Emphasis in original.). It would destroy the privilege to require the witness to state a "rational basis" for his claiming of the privilege under such circumstances. *Id.* This court will therefore deny the motion of the plaintiff to compel the testimony of the witness Brim as to these subjects.

In the alternative, plaintiff requests that this court deem admissible in evidence certain statements made by Mr. Brim to law enforcement officers which, it is claimed, would show that the defendant David Wayne Norris had knowledge that payment on the check had been stopped at the time he deposited it with the plaintiff bank. There can be little doubt, in view of the foregoing analysis, that such a statement by Mr. Brim would constitute a declaration against the witness's interest within the meaning of Rule 804(b)(3) of the Federal Rules of Evidence. In order for such a statement or declaration to be admissible in evidence, the witness must be "unavailable" within the meaning of Rule 804(a) of the Federal Rules of Evidence.

 "Unavailability" within the meaning of this exception to the hearsay rule is defined in the first instance to include a situation such as that at bar—in which the court's above ruling has made the declarant's testimony otherwise inadmissible. See Rule 804(a)(1) of the Federal Rules of Evidence defining "unavailability," *inter alia,* as "exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement." This precisely fits this case in

which the court has now sustained Mr. Brim's invocation of the Fifth Amendment privilege. Nor can the plaintiff be faulted for not previously presenting the admissible hearsay evidence when the cases hold that a court's sustaining of the claim of privilege is a prerequisite to the admission in evidence of declaration against interest.[1] The court therefore holds the offer of proof now alluded to by the plaintiff to be admissible in evidence. Accordingly, an adjourned hearing of the merits is necessary to be held at which the evidence can be offered and the testimonial sponsor of it cross-examined by defendants' counsel and the defendants can be afforded an opportunity to adduce rebuttal evidence. It is therefore, accordingly, for the foregoing reasons,

ORDERED that the plaintiff's motion to compel the testimony of the witness Brim be, and it is hereby, denied. It is further

ORDERED that an adjourned hearing be held on June 23rd, 1986, at 12:00 p.m. in the United States District Courtroom, 3d and Joplin Streets, Joplin, Missouri, in which the evidence above mentioned can be offered.

---

1. "Rule 804(a)(1) requires a ruling by the judge, thereby implying that an actual claim of privilege must be made." 4 Weinstein's Evidence para. 804(a)(01), p. 804–39 (Matthew Bender 1985).